1
2
3
4
5
6
7
8
9
10

11                    **IN THE UNITED STATES DISTRICT COURT**

12                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14   ELTON KELLEY,                              CASE NO. CV F 09-1148 LJO DLB

15              Plaintiff,                       **ORDER ON DEFENDANTS' F.R.Civ.P. 12**
                                                 **MOTION TO DISMISS**
16        vs.                                    (Doc. 6.)

17   COUNTRYWIDE HOME
     LOANS, et al,
18
                   Defendants.
19   _____/

20                              **INTRODUCTION**

21        Defendants Countrywide Home Loans, Inc. ("CHL") and Recontrust Company, N.A.

22   ("Recontrust") seek to dismiss as legally barred plaintiff Elton Kelley's ("Mr. Kelley's") rescission and

23   damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its

24   implementing Regulation Z, 12 C.F.R. §§ 226, et seq. ("Reg. Z").  Mr. Kelley filed no papers to oppose

25   dismissal of his claims.  This Court considered CHL and Recontrust's (collectively "defendants'")

26   F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the November 3, 2009 hearing,

27   pursuant to Local Rule 78-230(c), (h).  For the reasons discussed below, this Court DISMISSES this

28   action.

                                            1

**BACKGROUND**

**Mr. Kelley's Home Loan And Default**

On September 5, 2006, Mr. Kelley closed on his loan to refinance his residence.[1]   At the closing, Mr. Kelley received a promissory note, deed of trust, Truth in Lending Disclosure Statement, Itemization of Amount Financed, HUD-1 Final Settlement Statement, and "Notice(s) of Right to Cancel."

Defendants initiated non-judicial foreclosure after Mr. Kelley stopped paying on his loan.

**Mr. Kelley's Claims**

On June 30, 2009, Mr. Kelley filed this action to complain generally that loan disclosure documents failed to reveal "the true nature and cost" of his loan and "rescission rights" and failed to satisfy TILA and Reg. Z requirements.   Mr. Kelley's operative complaint ("complaint") alleges that Defendants failed to disclose and/or concealed "material information regarding the loan at issue here to lure Plaintiff into purchasing a loan that would result in overextension of credit, loss of equity in his home, derogatory credit reporting, and foreclosure on Plaintiff's home."

The complaint purports to allege:

1.     A (first) rescission claim that defendants' "failure to provide *material* disclosures" entitles Mr. Kelley to rescind his loan under TILA and Reg. Z; and

2.     A (second) TILA violation claim for damages arising from failure to make required TILA and Reg. Z disclosures.  (Italics in original.)

The complaint seeks to rescind Mr. Kelley's loan, a return of Mr. Kelley's money or property, statutory damages, an injunction of foreclosure, and attorney fees.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion Standards**

Defendants seek F.R.Civ.P. 12(b)(6) dismissal of Mr. Kelley's claims in that the "claims have no merit."   Defendants characterize this action as "an attempt to stall a foreclosure process lawfully initiated by defendant Countrywide."   Defendants note that the complaint's allegations "are confusing and mix several housing- and finance-related statutes."   Defendants point out that the complaint "cites

---

[1]         The parties do not reveal the amount of the refinance loan.

2

1    many code and statutory citations without explaining their application."

2         Defendants explain that the complaint lacks allegations of Recontrust's wrongdoing in that it

3    alleges only that Recontrust is a substitute trustee under the subject deed of trust.  Defendants point out

4    that the complaint fails to explain Recontrust's involvement in origination of Mr. Kelley's loan to state

5    a viable claim against Recontrust.

6         F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or

7    her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima

8    facie case."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

9         A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

10   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

11   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

12   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

13   support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

14   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

15   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

16   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

17   *v. Village of Lombard, Ill*., 58 F.3d 295, 297 (7th Cir. 1995).

18        In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light

19   most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

20   whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

21   *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal

22   conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

23   the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th

24   Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines

25   that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

26   *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a

27   Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

28   provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

1  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550

2  U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss

3  any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently

4  all required elements of a cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629,

5  634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations

6  respecting all the material elements necessary to sustain recovery under some viable legal theory."

7  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

8  1101, 1106 (7th Cir. 1984)).

9        In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

10  explained:

11            To survive a motion to dismiss, a complaint must contain sufficient factual
          matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A
12        claim has facial plausibility when the plaintiff pleads factual content that allows the court
          to draw the reasonable inference that the defendant is liable for the misconduct alleged.

13            . . . Threadbare recitals of the elements of a cause of action, supported by mere
14        conclusory statements, do not suffice.  (Citation omitted.)

15        Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss.

16  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts,*

17  *Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982).  A

18  F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is

19  apparent on the complaint's face. *Jablon*, 614 F.2d at 682.  If the limitations defense does not appear

20  on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may

21  be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and*

22  *Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

23        For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the

24  complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).

25  Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d

26  at 1162, n. 2.  In addition, a "court may consider evidence on which the complaint 'necessarily relies'

27  if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)

28  no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450

4

F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may "'take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).  As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents.

## TILA Damages

### *Limitations Period*

Defendants argue that Mr. Kelley's purported TILA damages claim is barred by TILA's one-year limitations period.

A TILA damages claims is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation."  "TILA requires that any claim based on an alleged failure to make material disclosures be brought within one year from the date of the occurrence of the violation." *Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005).  The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008).  The Ninth

---

[2]     "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1   Circuit Court of Appeals noted in *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

2          The failure to make the required disclosures occurred, if at all, at the time the loan
           documents were signed.  The [plaintiffs] were in full possession of all information
3          relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day
           the loan papers were signed.
4

5          The complaint admits that the "mortgage transaction at the root of this case was closed with

6   documents signed" on September 5, 2006.  Mr. Kelley filed his complaint on June 30, 2009, more than

7   2½ years after he signed loan documents to render his TILA damages claim time barred.

8                                          ***Equitable Tolling***

9          Apparently recognizing his TILA damages claim is time barred, Mr. Kelley in his complaint

10  attempts to invoke equitable tolling and alleges: "Defendants' failure to clearly and conspicuously

11  disclose the terms of the loan pursuant to TILA and Regulation Z made it impossible for Plaintiff to

12  discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even

13  through the use of diligence."

14         Defendants argue that the complaint alleges no facts to support the "extreme remedy" of

15  equitable tolling.  Defendants note the absence of purported TILA violations which Mr. Kelley was

16  unable to discover, his due diligence efforts to protect his rights, and an explanation why despite due

17  diligence Mr. Kelley was unable to discover purported TILA violation within the one-year limitations

18  period.

19         "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital

20  information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178

21  (9th Cir. 2000).  The Ninth Circuit Court of Appeals has explained:

22         Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by
           the defendant to prevent the plaintiff from suing.  Instead it focuses on whether there was
23         excusable delay by the plaintiff.  If a reasonable plaintiff would not have known of the
           existence of a possible claim within the limitations period, then equitable tolling will
24         serve to extend the statute of limitations for filing until the plaintiff can gather what
           information he needs. . . . However, equitable tolling does not postpone the statute of
25         limitations until the existence of a claim is a virtual certainty.

26  *Santa Maria*, 202 F.3d at 1178 (citation omitted).

27         Courts are reluctant to invoke equitable tolling:

28         A statute of limitations is subject to the doctrine of equitable tolling; therefore,

                                                    6

1    relief from strict construction of a statute of limitations is readily available in **extreme**
2    **cases** and gives the court latitude in a case-by-case analysis. . . . The equitable tolling
     doctrine has been applied by the Supreme Court in certain circumstances, but it has been
3    applied sparingly; for example, the Supreme Court has allowed equitable tolling when
     the statute of limitations was not complied with because of defective pleadings, when a
4    claimant was tricked by an adversary into letting a deadline expire . . . Courts have been
     generally unforgiving, however, when a late filing is due to claimant's failure "to exercise
5    due diligence in preserving his legal rights." . . .

6    *Scholar v. Pac. Bell*, 963 F.2d 264, 267-268 (9th Cir. 1992) (bold added; citations omitted).

7            To rely on the delayed discovery of a claim, "[a] plaintiff whose complaint shows on its face that

8    his claim would be barred without the benefit of the discovery rule must specifically plead facts to show

9    (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite

10   reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808, 27 Cal.Rptr.3d 661

11   (2005) (quoting *McKelvey v. Boeing North American, Inc.,* 74 Cal.App.4th 151, 160, 86 Cal.Rptr.2d 645

12   (1999)). "[T]o adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead

13   that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably

14   discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox*,

15   35 Cal.4th at 809, 27 Cal.Rptr.2d 661.

16           The doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late

17   discovery of the facts underlying his cause of action. *Prudential Home Mortgage Co. v. Superior Court*,

18   66 Cal.App.4th 1236, 1247, 78 Cal.Rptr.2d 566 (1998). The plaintiff must show that it was not at fault

19   for failing to discover or had no actual or presumptive knowledge of facts sufficient to put it on inquiry.

20   *Prudential Home*, 66 Cal.App.4th at 1247, 78 Cal.Rptr.2d 566. As to sufficiency of delayed discovery

21   allegations, plaintiff bears the burden to "show diligence" and "conclusory allegations' will not

22   withstand dismissal. *Fox*, 35 Cal.4th 797, 808, 27 Cal.Rptr.2d 661.

23           The complaint broadly alleges Mr. Kelley is entitled to equitable tolling without supporting

24   specifics. The complaint lacks allegations that defendants prevented Mr. Kelley to compare what

25   documents he received to the TILA disclosure requirements. *See Hubbard v. Fidelity Federal Bank*, 91

26   F.3d 75, 79 (9th Cir. 1996) (no evidence suggested that lender concealed its alleged breach). Mr. Kelley

27   fully possessed all information relevant to discovery of a TILA violation when his loan was

28   consummated.

7

1    The complaints offers nothing to demonstrate that despite Mr. Kelley's due diligence, he was

2    unable to obtain information of a TILA violation.   The complaint is silent as to his purported due

3    diligence.  The complaint's conclusory allegations are insufficient to invoke equitable tolling or delayed

4    discovery and in turn to defeat the limitations defense.  Mr. Kelley's TILA damages claim is time barred,

5    and Mr. Kelley fails to oppose dismissal of the claim.

6                                             **TILA Rescission**

7    _____***Inadequate Tender And Notice***

8        TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without

9    penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal*

10   *Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a).  TILA rescission may be

11   extended up to three years if a lender fails to comply with TILA disclosure requirements.  *Semar*, 791

12   F.2d at 701-702; 15 U.S.C. § 1635.

13       Defendants fault the complaint's absence of allegations of Mr. Kelley's adequate notice to

14   rescind and to tender "the principal balance necessary to effectuate rescission" or that Mr. Kelley is

15   financially able to do so.  The "voiding of a security interest may be judicially conditioned on debtor's

16   tender of amount due under the loan." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821

17   (4th Cir. 2007).

18       15 U.S.C. § 1635(b) governs the return of money or property when a borrower has rescinded

19   effectively:

20       . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the
         obligor any money or property given as earnest money, downpayment, or otherwise, and
21       shall take any action necessary or appropriate to reflect the termination of any security
         interest created under the transaction. If the creditor has delivered any property to the
22       obligor, the obligor may retain possession of it. Upon the performance of the creditor's
         obligations under this section, the obligor shall tender the property to the creditor, except
23       that if return of the property in kind would be impracticable or inequitable, the obligor
         shall tender its reasonable value. Tender shall be made at the location of the property or
24       at the residence of the obligor, at the option of the obligor. If the creditor does not take
         possession of the property within 20 days after tender by the obligor, ownership of the
25       property vests in the obligor without obligation on his part to pay for it. The procedures
         prescribed by this subsection shall apply except when otherwise ordered by a court.
26

27       12 C.F.R. § 226.23(d) address rescission effects and provides:

28           (2) Within 20 calendar days after receipt of a notice of rescission, the creditor

                                                    8

1   shall return any money or property that has been given to anyone in connection with the

2   transaction and shall take any action necessary to reflect the termination of the security
    interest.

3

4            (3) If the creditor has delivered any money or property, the consumer may retain
    possession until the creditor has met its obligation under paragraph (d)(2) of this section.
5   When the creditor has complied with that paragraph, **the consumer shall tender the
    money or property to the creditor** or, where the latter would be impracticable or
6   inequitable, tender its reasonable value. At the consumer's option, tender of property may
    be made at the location of the property or at the consumer's residence. Tender of money
7   must be made at the creditor's designated place of business. If the creditor does not take
    possession of the money or property within 20 calendar days after the consumer's tender,
    the consumer may keep it without further obligation.  (Bold added.)
8

9        Neither TILA nor Reg. Z "'establishes that a borrower's mere assertion of the right of rescission

10   has the automatic effect of voiding the contract.'" *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172

11   (9th Cir. 2003) (quoting *Large v. Conseco Financing Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)).

12   The Ninth Circuit Court of Appeals, relying on *Large*, explained:

13        Instead, the "natural reading" of the language of § 1635(b) "is that the security interest
    becomes void when the obligor exercises a right to rescind that is available in the
14   particular case, either because the creditor acknowledges that the right of rescission is
    available, or because the appropriate decision maker has so determined. . . . Until such
15   decision is made the [borrowers] have only advanced a claim seeking rescission."

16   *Yamamoto*, 329 F.3d at 1172 (quoting *Large*, 292 F.3d at 54-55)).

17        A rescission notice is not automatic "without regard to whether the law permits [borrower] to

18   rescind on the grounds asserted."  *See Yamamoto*, 329 F.3d at 1172.  Entertaining rescission

19   automatically "makes no sense . . . when the lender contests the ground upon which the borrower

20   rescinds." *Yamamoto*, 329 F.3d at 1172.  "In these circumstances, it cannot be that the security interest

21   vanishes immediately upon the giving of notice.  Otherwise, a borrower could get out from under a

22   secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed

23   any." *Yamamoto*, 329 F.3d at 1172 (italics in original).

24        Moreover, although 15 U.S.C. § 1635(b) "provides for immediate voiding of the security interest

25   and return of the money within twenty days of the notice of rescission, we believe this assumes that the

26   notice of rescission was proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007).

27   A "court may impose conditions on rescission that assure that the borrower meets her obligations once

28   the creditor has performed its obligations." *Yamamoto*, 329 F.3d at 1173.  The Ninth Circuit has

explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may

require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto*, 329 F.3d at 1173 (affirming summary judgment for lender in absence of evidence that

borrowers could refinance or sell property); *see American Mortgage*, 486 F.3d at 821 ("Once the trial

judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy

of unconditional rescission was inappropriate."); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.

1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds

given the lender's non-egregious TILA violations and equities heavily favoring the lender).[3]

The complaint merely alleges: "Plaintiff has given effective notice to rescind the Transaction to

all Defendants, and has offered to surrender the Property or its equivalent in value, determined by

application of all proceeds since origination, and disputes any alleged default due to rescission of the

Transaction."   The complaint's prayer seeks an order that Mr. Kelley has no duty to tender if

"Defendants fail to further respond lawfully to Plaintiff's valid rescission notice."  The prayer seeks an

alternative order "for Defendants to accept tender on reasonable terms and over a reasonable period of

time."

Defendants correctly contests Mr. Kelley's attempt to rescind.  The complaint does not address

---

[3]     The Fourth Circuit Court of Appeals agrees with the Ninth Circuit that 15 U.S.C. § 1635(b) does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds:

> Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers.

*Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976).

conditions precedent to permit rescission. Mr. Kelley's complaint is not a timely, valid rescission notice. The complaint's silence on Mr. Kelley's tender of loan proceeds is construed as his concession of inability to do so. "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage*, 486 F.3d at 820-821. Without Mr. Kelley's meaningful tender, TILA rescission is an empty remedy, not capable of being granted. The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms Mr. Kelley's TILA rescission claim to warrant its dismissal.

### Unidentified TILA Violations

Defendants further challenge the complaint's failure to identify TILA violations.

The complaint alleges violations of "the requirements of Truth in Lending and Regulation Z" arising from failure to:

1.   "[P]rovide all required disclosures prior to consummation of the transaction";

2.   "[M]ake required rescission disclosures 'clearly and conspicuously' in writing";

3.   "[I]nclude in the Finance Charge certain charges imposed by Defendants payable by Plaintiff incident to the extension of credit";

4.   "[P]rovide the expiration date that the rescission rights terminate"; and

5.   "[A]ccurately disclose material disclosures."

Defendants correctly note that the complaint's "laundry list of statute and code sections is insufficient to support a claim for violation of TILA." A complaint's failure to allege how defendants violated various cited TILA statutes and regulations is subject to dismissal in that it does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marks v. Chicoine*, 2007 WL 160992, at *7 (N.D. Cal. 2007). The complaint lacks facts to support specific, identifiable TILA violations. The complaint lacks details of Mr. Kelley's loan and withheld material disclosures. Failure to identify TILA violations further warrants dismissal of this action.

### Alternative F.R.Civ.P. 12(e) Motion For More Definite Statement

With dismissal of Mr. Kelley's claims, this Court need not address defendants' alternative F.R.Civ.P. 12(e) motion for a more definite statement.

11

**Attempt At Amendment And Malice**

Mr. Kelley's claims are insufficiently pled and barred as a matter of law.  Mr. Kelley is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Kelley has brought this action in absence of good faith and that Mr. Kelley exploits the court system solely for delay or to vex defendants.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES with prejudice this action against defendants;

2.      DIRECTS the clerk to enter judgment against plaintiff Elton Kelley and in favor of defendants Countrywide Home Loans, Inc. and Recontrust Company, N.A.; and

3.      FURTHER DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:      October 26, 2009                         /s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE